J-A02043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH JOHNSON | : | |
| | : | |
| Appellant | : | No. 265 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 1, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008399-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH JOHNSON | : | |
| | : | |
| Appellant | : | No. 266 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 1, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007947-2023

BEFORE: KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                 **FILED: April 8, 2025**

    Keith Johnson ("Johnson") appeals from the judgment of sentence entered by the Allegheny County Court of Common Pleas ("trial court") following his guilty plea to criminal attempt – homicide, robbery, aggravated assault, and persons not to possess a firearm.[1] Johnson's counsel, Attorney

---

[1] 18 Pa.C.S. §§ 901(a), 3701(a)(1)(i), 2702(a)(1), 6105(a)(1).

Brandon Herring ("Counsel"), seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Johnson's judgment of sentence.

Johnson's convictions stem from the non-fatal shooting of Rachelle Harshaw on August 22, 2021.  The trial court summarized the procedural history of this case as follows:

> The above captioned cases commenced as a jury trial on October 30, 2023.  In addition to the offenses detailed above, [Johnson] was also charged with one (1) count each of: violations of the Uniform Firearms Act (VUFA), 18 Pa.C.S. § 6106(a)(1); and recklessly endangering another person (REAP), 18 Pa.C.S. § 2705.  On November 1, 2023, during the presentation of the Commonwealth's case, [Johnson] elected to enter a negotiated guilty plea to the criminal informations.  The terms of the negotiated agreement accepted by the court included the withdrawal of the VUFA and REAP charges at Case No. 2021008399, with [Johnson] pleading guilty to the remaining charges at that information as well as the one (1) count of persons not to possess firearms at Case No. 2023007947.  The agreement also included an aggregate term of twelve (12) to twenty-four (24) years of incarceration, which was imposed the same date.
>
> On November [13], 2023, [Johnson] filed a timely post-sentence motion challenging the validity of his plea.  On January 29, 2024, the [trial court] conducted an evidentiary hearing and the motion was denied on the record and by written order that same date.

Trial Court Opinion, 7/10/2024, at 2-3 (unnecessary capitalization omitted).

Johnson timely appealed to this Court.  Both Johnson and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.  On September 16, 2024, Counsel filed an **Anders** brief and petition to withdraw as counsel

in this Court. When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow the withdrawal of counsel without first deciding whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008). There are mandates that counsel seeking to withdraw pursuant to *Anders* must follow that arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on [a]ppellant's behalf).

*Id.* (citations omitted).

Additionally, *Santiago* sets forth precisely what an *Anders* brief must contain:

[T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc). Substantial compliance with *Anders* and *Santiago* requirements is sufficient. *Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa. Super. 2022).

Instantly, we conclude that Counsel has substantially complied with the requirements outlined above. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the issues he believes might arguably support Johnson's appeal. *See Anders* Brief at 5-16. Counsel's brief further sets forth his conclusion that the appeal is frivolous and includes discussion of and citation to relevant

authority in support of his conclusion. *Id.* at 10-16.[2] Finally, Counsel attached to his petition to withdraw the letter he sent to Johnson. *See* Petition to Withdraw, 9/16/2024, Attachment. Although it is unclear from the letter whether Counsel included his petition to withdraw and *Anders* brief, the letter is lengthy, explains in detail why Counsel believes that Johnson's appeal is frivolous, and its content in this respect is nearly identical to Counsel's *Anders* brief.[3] *See id.* Counsel's letter also advised Johnson of his right to proceed

_____

[2] We note that Counsel's petition to withdraw states that he has identified "no issues of arguable merit on appeal in this matter." *See* Petition to Withdraw, 9/16/2024, ¶ 2. Proper *Anders* procedure, however, requires counsel to file a petition to withdraw in which he avers that, after a conscientious examination of the record, he finds the appeal to be **wholly frivolous**. *Woods*, 939 A.2d at 898 (emphasis added). "It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* rests narrowly on the distinction between complete frivolity and the absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court." *Commonwealth v. Edwards*, 906 A.2d 1225, 1231 (Pa. Super. 2006) (citation omitted).

Although Counsel's use of the phrase "no issues of arguable merit" in his petition to withdraw was improper, we nevertheless may overlook this defect because Counsel, in his *Anders* brief, correctly frames the issue in terms of frivolity and ultimately concludes that he "has identified no non[-]frivolous basis for appeal," resulting in his substantial compliance with the mandates of *Anders*. *See Anders* Brief at 10, 16; *see also Redmond*, 273 A.3d at 1252. We caution Counsel to use the appropriate terminology and legal constructs in future *Anders* proceedings.

[3] We again caution Counsel to ensure that he is fully complying with the dictates of *Anders* and *Santiago* and to provide proof of that compliance to this Court. The *Anders* requirements exist because criminal defendants have the constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal; for that reason, appointed counsel may only seek to withdraw from representation under a limited set of circumstances. *See Woods*, 939 A.2d at 898.

pro se or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. *Id.* Accordingly, we conclude that Counsel has substantially complied with the procedural requirements for withdrawing from representation. *See Redmond*, 273 A.3d at 1252. We therefore turn our attention to the issue Counsel presented in the *Anders* brief.

The sole issue Counsel presents is the *Anders* brief is Johnson's claim that he did not enter a knowing, voluntary, and intelligent guilty plea. *See Anders* Brief at 10-16. Specifically, Johnson contends that his mental health issues prevented him from knowingly, voluntarily, and intelligently pleading guilty. *Id.* Johnson asserted that in the weeks leading up to his trial, he was off his medication for schizophrenia and bipolar disorder and therefore did not understand the nature of the guilty plea proceedings or the rights he was waiving by pleading guilty. *See id.*

"It is well[]settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). The review of the denial of a post-sentence motion to withdraw a guilty plea involves the following principles:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions to withdraw a plea] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be

- 6 -

established if the plea was not tendered knowingly, intelligently, and voluntarily.

***Commonwealth v. Kehr***, 180 A.3d 754, 756-57 (Pa. Super. 2018) (citation omitted).

"In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." ***Hart***, 174 A.3d at 664-65. "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (quotation marks and citation omitted). "Furthermore, nothing in [Pennsylvania Rule of Criminal Procedure 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed[,] and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008); ***see also*** Pa.R.Crim.P. 590, Comment.

Additionally, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa. Super. 2018) (quotation marks and citation omitted). "[T]he law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be

made knowingly, voluntarily, and intelligently." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018).

In this case, Johnson executed a written guilty plea colloquy on November 1, 2023. In the written colloquy, Johnson acknowledged that he discussed with his attorney the elements of each charged offense, the factual basis to support each charged offense, and how the facts of Johnson's case prove the elements of each charged offense. Written Plea Colloquy, 11/1/2023, ¶¶ 6-8. Johnson also acknowledged that he had an absolute right to a trial by jury and that he was innocent until proven guilty. *Id.* ¶¶ 9, 17. Johnson further stated that he had discussed with his attorney the maximum possible sentence he could receive, and acknowledged that the court was free to reject any plea agreement and sentence him as it determined was appropriate. *Id.* ¶¶ 43-44, 59. Importantly, Johnson indicated that he was not suffering from any mental illness that would affect his ability to understand his rights or the voluntary nature of the plea, and that he was not taking any medication that affected his thinking or free will. *Id.* ¶¶ 64-65.

The same day, the trial court conducted an oral guilty plea colloquy. *See* N.T., 11/1/2023, at 1-17. During the oral colloquy, the trial court again explained to Johnson each of the elements of his charges, the factual basis of those charges, the maximum sentence for each of his charges, that he was entitled to a trial by jury, and that he was innocent until proved guilty. *Id.* at 7-12. Furthermore, Johnson reiterated on the record that he had not taken

any drugs, alcohol, or prescription medication that would affect his ability to understand the nature of the guilty plea proceedings and that he did not have any mental illness that would affect his ability to give a knowing, voluntary, and intelligent guilty plea. *Id.* at 5.

At the hearing on his post-sentence motion to withdraw his plea, Johnson testified that he took medication for bipolar disorder and schizophrenia, but that he was unable to take that medication in the two weeks leading up to his trial while he was incarcerated at the Allegheny County Jail. N.T., 1/29/2024, at 7-9. Johnson indicated that without his medication he was unable to understand what was occurring both at trial and at the time of his guilty plea. *Id.* at 9-10. On cross-examination, Johnson contradicted this testimony by stating that he had, in fact, been taking his medication leading up to trial, but that he had built up a tolerance to the medication and consequently, it no longer effectively treated his condition. *Id.* at 11-12. Johnson, however, did not present any evidence that it was possible to build up a tolerance to medications prescribed for bipolar disorder and schizophrenia and that such a tolerance would have precluded him from understanding what was occurring during his guilty plea proceeding. *See id.* at 7-12. Additionally, Johnson indicated that he was withdrawing his guilty plea at the suggestion of family members. *Id.* at 10-11.

The trial court found Johnson's testimony at the hearing on his post-sentence motion lacked credibility standing alone and also based upon his

answers given during the lengthy colloquy and the circumstances surrounding it, and that he failed to satisfy his burden of proving that his plea was unknowing, unintelligent, and involuntary. Trial Court Opinion, 7/10/2024, at 7-8. It further found that the presentation of the majority of the Commonwealth's witnesses prior to Johnson's decision to plead guilty not only clearly established his knowledge and understanding of the charges against him, his right to a jury trial, and the presumption of innocence, but also required the court to find that the Commonwealth would be "substantially prejudiced" if Johnson were permitted to withdraw his plea. *Id.* at 6-7, 8. It therefore denied his request to withdraw his plea. *Id.* at 8.

We find no abuse of discretion in the trial court's decision. While Johnson may not be pleased with the outcome of his decision to plead guilty, the law requires only that he made a knowing, voluntary, and intelligent decision to plead guilty. *See Jabbie*, 200 A.3d at 506. Critically, Johnson is bound by the statements he made in the written and oral colloquies, which indicated that he desired to enter guilty plea and that his decision to do so was not affected by mental illness or a lack of prescription medication. *See Pier*, 182 A.3d at 480. Under the totality of these circumstances, Johnson's plea was knowing, voluntary, and intelligent, and thus, valid. *See Hart*, 174 A.3d at 664-65; *see also Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (stating that credibility determinations and the resolution of conflicting evidence are exclusively within the province of the trial court

when sitting as the factfinder, and that this Court cannot substitute its judgment for that of the factfinder).  We therefore conclude that the trial court did not err in declining to permit Johnson to withdraw his guilty plea.

Finally, our independent review of the record reveals no other non-frivolous issues that Johnson could raise on appeal.  *See Dempster*, 187 A.3d at 272; *see also Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.").  We therefore grant Counsel's petition to withdraw and affirm Johnson's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/08/2025

- 11 -